

**Joshua A. Norris**
D:  832.752.0920
josh@tnflaw.com

July 19, 2024

**Via ECF Filing**

The Honorable George C. Hanks, Jr.
515 Rusk Street, Room 5300
Houston, Texas 77002

Re: Cause No. 4:24-cv-01893; *Nautilus Insurance Company v. Magellan Midstream Partners, L.P.*

Judge Hanks,

Defendant / Counter-Plaintiff Magellan Midstream Partners, L.P. ("MMP") requests – pursuant to Section 6(B) of the Court's Procedures – a pre-motion conference before filing its motion to dismiss Plaintiff / Counter-Defendant Nautilus Insurance's claims for attorney's fees, court costs, and pre- and post-judgment interest.

Nautilus' only cause of action in this suit is for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. That statute and case law analyzing that statute do not permit recovery of attorney's fees, court costs, or pre- and post-judgment interest.

Specifically, the "Federal Declaratory Judgment Act does not itself independently authorize the award of attorney's fees." *Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 772 (5th Cir. 1999); see also *Callan v. Deutsche Bank Tr. Co. Ams.,* 11 F. Supp. 3d 761, 771 (S.D. Tex. 2014) (dismissing claim for attorney's fees because the "Federal Declaratory Judgment Act does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under substantive state law in a diversity action."). Nautilus' claim for attorney's fees would suffer the same fate even if Nautilus made its request for declaratory relief under the Texas Declaratory Judgment Act. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("[A] party may not rely on the Texas Declaratory Judgment Act to authorize attorney's fees in a diversity case because the statute is not substantive law."). The same can be said for Nautilus' claim for court costs. *See Nautilus Ins. Co. v. Nicky & Claire's Daycare, Inc*., 630 F. Supp. 2d 727, 740 (N.D. Tex. 2009) ("The instant case is a declaratory judgment action in federal court based on 28 U.S.C. § 1332 diversity jurisdiction. Accordingly, the Court finds that Nautilus cannot receive an award of costs.").

And because Nautilus' only cause of action is one for declaratory relief (and not monetary relief), Nautilus cannot recover pre-judgment or post-judgment interest. *See Tony v. Evanston Ins. Co*., 674 F. Supp. 3d 1226, 1238 (S.D. Fla. 2023) ("as Evanston notes in its [r]eply , BSO's action does not seek monetary damages from Evanston and therefore there is no present basis for requesting pre- and post-judgment interest. Accordingly, the request for pre- and post-judgment interest shall be stricken without

prejudice."); *see also Mansfield Heliflight, Inc. v. Bell/Agusta Aero. Co.*, No. 4:06-CV-425-A, 2007 U.S. Dist. LEXIS 79548, at *15 (N.D. Tex. Oct. 26, 2007) (noting that pre- and post-judgment interest are "simply extension[s] of actual [monetary] damages.").

For these reasons, MMP respectfully requests that the Court conduct a pre-motion conference on Nautilus' claims for attorney's fees, court costs, and pre- and post-judgment interest.

I certify that I conferred with Nautilus' counsel by telephone on July 19, 2024 and Nautilus is opposed to the relief sought in this letter and MMP's forthcoming motion to dismiss.

Sincerely,

Joshua A. Norris