UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | Civil Action No.: 4:24-cv-1893 |
| v. | § § | **JURY DEMAND** |
| MAGELLAN MIDSTREAM PARTNERS, L.P., | § § § § | |
| Defendant. | § | |

## NAUTILUS INSURANCE COMPANY'S ANSWER TO MAGELLAN TERMINALS HOLDINGS, L.P.'S COUNTERCLAIM IN INTERVENTION

Plaintiff, Nautilus Insurance Company ("Nautilus"), files the following Answer to the Counterclaim filed by Defendant/Intervenor, Magellan Terminal Holdings, L.P. ("MTH"), and would respectfully show the following:

### A. ANSWER

#### I. NATURE OF THE ACTION

1. Plaintiff denies the allegations in Paragraph 1 of MTH's Counterclaim In Intervention.

#### II. PARTIES

2. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of MTH's Counterclaim In Intervention.[1],[2]

---

[1] The allegations in Footnote 1 of MTH's Counterclaim In Intervention are legal conclusions, for which no response is required, however, to the extent that a response is required, the allegations with respect to diversity jurisdiction are admitted. Plaintiff lacks knowledge or information sufficient to admit or deny the remaining allegations in Footnote 1 of MTH's Counterclaim In Intervention.

[2] No response is required, however, to the extent that response is required, Plaintiff lacks knowledge or information sufficient to admit or deny the allegations in Footnote 2 of MTH's Counterclaim In Intervention.

3. Plaintiff admits the allegations in Paragraph 3 of MTH's Counterclaim In Intervention.

### III. JURISDICTION & VENUE

4. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 4 of MTH's Counterclaim In Intervention.

5. The allegations in Paragraph 5 of MTH's Counterclaim In Intervention are legal conclusions, for which no response is required, however, to the extent that a response is required, the allegations with respect to diversity jurisdiction are admitted. Plaintiff denies the remaining factual allegations in MTH's Counterclaim In Intervention.

6. The allegations in Paragraph 6 in MTH's Counterclaim In Intervention are legal conclusions, for which no response is required, however, to the extent that a response is required, the allegations are admitted.

### IV. BACKGROUND

7. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of MTH's Counterclaim In Intervention.

**A.     Agreements and Insurance Policies**

8. Plaintiff admits that Shelton Services, Inc. ("Shelton") performed work on the project. Plaintiff lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8 of MTH's Counterclaim In Intervention.

9. Plaintiff admits the existence of a Master Services Agreement entered into between Shelton and Magellan Midstream Partners, L.P. ("Magellan") on April 30, 2019 ("MSA"). Plaintiff further admits the existence of a Request for Services between Shelton and Magellan that has an effective date of November 27, 2020, and is numbered 19MMLP083-104 ("RFS"). Plaintiff lacks

knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9 of MTH's Counterclaim In Intervention.

10. Plaintiff admits the allegations in Paragraph 10 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the RFS, which speak for themselves. Plaintiff denies the allegations in Paragraph 10 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the terms of the RFS.

11. Plaintiff denies that the contractual indemnity in the MSA applies in favor of MTH in this circumstance. Plaintiff further denies that the contractual indemnity agreement in the MSA is valid and enforceable. Plaintiff further denies the remaining allegations in Paragraph 11 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the terms of the MSA. Plaintiff admits certain allegations in Paragraph 11 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the MSA, which speak for themselves.[3],[4],[5]

12. Plaintiff admits the allegations in Paragraph 12 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the MSA and RFS, which speak for themselves. Plaintiff denies the allegations in Paragraph 12 to the extent that they

---

[3] Plaintiff admits the allegations in Footnote 3 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the MSA, which speak for themselves. Plaintiff denies the allegations in Footnote 3 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the terms of the MSA.

[4] Plaintiff admits the allegations in Footnote 4 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the MSA, which speak for themselves. Plaintiff denies the allegations in Footnote 4 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the terms of the MSA.

[5] Plaintiff admits the allegations in Footnote 5 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the MSA, which speak for themselves. Plaintiff denies the allegations in Footnote 5 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the terms of the MSA.

misquote, mischaracterize, or are otherwise inconsistent with the terms of the MSA and RFS. Plaintiff further denies that MTH qualifies as an additional insured under any insurance policies issued by Plaintiff.

13. Plaintiff admits that it issued an Environmental Combined Policy to Shelton under policy number ECP2028951-11, effective from May 6, 2020, to May 6, 2021 (the "Nautilus Primary Policy") in addition to a Follow Form Excess Liability Policy under policy number FFX2028953-11, effective from May 6, 2020, to May 6, 2021 (the "Nautilus Excess Policy") (collectively the "Nautilus Policies"). Plaintiff admits that the Commercial General Liability Coverage part in the Nautilus Primary Policy has an Each Occurrence Limit of $1,000,000. Plaintiff further admits that the Nautilus Excess Policy has limits of $10,000,000 for Each Occurrence but denies that the full $10,000,000 for Each Occurrence limit is potentially available to MTH for the underlying claims given the insurance limitations in the MSA and the express language of the Nautilus Excess Policy.

14. Plaintiff admits the allegations in Paragraph 14 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the Nautilus Policies, which speak for themselves. Plaintiff denies the allegations in Paragraph 14 to the extent that they misquote, mischaracterize, or are otherwise inconsistent with such policies' terms. Plaintiff denies that the quoted portion of the Nautilus Primary Policy contains all of the relevant policy language.

15. Plaintiff admits the allegations in Paragraph 15 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the Nautilus Policies, which speak for themselves. Plaintiff denies the allegations in Paragraph 15 to the extent that they misquote, mischaracterize, or are otherwise inconsistent with such policies' terms. Plaintiff denies that the quoted portion of the Nautilus Primary Policy contains all of the relevant policy language.

16. Plaintiff admits the allegations in Paragraph 16 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the Nautilus Policies, which speak for themselves. Plaintiff denies the allegations in Paragraph 16 to the extent that they misquote, mischaracterize, or are otherwise inconsistent with such policies' terms. Plaintiff denies that the quoted portion of the Nautilus Primary Policy contains all of the relevant policy language.

17. Plaintiff admits the allegations in Paragraph 17 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the Nautilus Policies, which speak for themselves. Plaintiff denies the allegations in Paragraph 17 to the extent that they misquote, mischaracterize, or are otherwise inconsistent with such policies' terms. Plaintiff denies that the quoted portion of the Nautilus Primary Policy contains all of the relevant policy language.

18. Plaintiff denies the factual allegations in Paragraph 18 of MTH's Counterclaim In Intervention, other than with respect to the insurance policy language inserts. Plaintiff specifically denies that the quoted policy language applies to an additional insured. Plaintiff admits the policy language allegations in Paragraph 18 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the terms of the Nautilus Policies, which speak for themselves. Plaintiff denies the allegations in Paragraph 18 to the extent that they misquote, mischaracterize, or are otherwise inconsistent with such policies' terms. Plaintiff denies that the quoted portion of the Nautilus Primary Policy contains all of the relevant language, and that the quoted language applies in the factual circumstance alleged in Paragraph 18 of MTH's Counterclaim In Intervention.

19. Plaintiff denies the factual allegations in Paragraph 19 of MTH's Counterclaim In Intervention.

**B.      The Underlying Lawsuit**

20.     On information and belief, Plaintiff admits that on December 5, 2020, Shelton employees were allegedly cleaning an oil tank at Magellan's facility using a vacuum pump trailer owned by Triton Industries, LLC ("Triton"), when an explosion occurred, due to the ignition of escaping explosive vapors, injuring the workers. Plaintiff lacks knowledge or information to admit or deny the remaining allegations in Paragraph 20 of MTH's Counterclaim In Intervention.

21.     Plaintiff admits the allegations in Paragraph 21 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the written pleadings in the lawsuit styled Cause No. 2020-CCV-61660-3; *Linda Ramirez and Jesus Juarez Quintero, et al. vs. Magellan Midstream Partners, L.P. et al.* (the "Underlying Lawsuit"). Plaintiff denies the allegations in Paragraph 21 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the written pleadings in the Underlying Lawsuit.

22.     Plaintiff admits the allegations in Paragraph 22 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the written pleadings in the Underlying Lawsuit. Plaintiff denies the allegations in Paragraph 22 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the written pleadings in the Underlying Lawsuit.

23.     Plaintiff admits the allegations in Paragraph 23 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the written pleadings in the Underlying Lawsuit. Plaintiff denies the allegations in Paragraph 23 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the written pleadings in the Underlying Lawsuit.

24. Plaintiff admits the allegations in Paragraph 24 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the written pleadings in the Underlying Lawsuit. Plaintiff denies the allegations in Paragraph 24 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the written pleadings in the Underlying Lawsuit.

25. Plaintiff admits the allegations in Paragraph 25 of MTH's Counterclaim In Intervention solely to the extent that they are consistent with the written pleadings in the Underlying Lawsuit. Plaintiff denies the allegations in Paragraph 25 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the written pleadings in the Underlying Lawsuit.[6]

26. Plaintiff denies the allegations in Paragraph 26 of MTH's Counterclaim In Intervention.

27. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of MTH's Counterclaim In Intervention.

28. For the allegations in Paragraph 28 of MTH's Counterclaim In Intervention, Plaintiff admits, upon information and belief, that a settlement occurred in the Underlying Lawsuit, but otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations.[7]

29. Plaintiff admits that Triton filed a Third-Party Petition against Shelton in the Underlying Lawsuit on October 29, 2021. Plaintiff further admits that MTH tendered the

---

[6] No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Footnote 6 of MTH's Counterclaim In Intervention.
[7] For the allegations in Footnote 7 of MTH's Counterclaim In Intervention, Plaintiff admits, upon information and belief, that MTH entered into a release as part of a settlement in the Underlying Lawsuit. Plaintiff denies the remaining allegations in Footnote 7 of MTH's Counterclaim In Intervention.

Underlying Lawsuits to Nautilus and Shelton seeking defense, indemnity, and insurance coverage under the Nautilus Policies (the "Tender"). Plaintiff denies the remaining allegations in Paragraph 29 of MTH's Counterclaim In Intervention.[8]

## C. Tenders to Nautilus

30. Plaintiff admits that MTH tendered the Underlying Lawsuit to Nautilus and Shelton seeking defense, indemnity, and insurance coverage under the Nautilus Policies. Plaintiff further admits the allegations in Paragraph 30 of MTH's Counterclaim In Intervention with respect to the contents of the January 18, 2021, letter solely to the extent that they are consistent with the letter sent by Plaintiff, which speaks for itself. Plaintiff denies the allegations in Paragraph 30 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the letter sent by Plaintiff on January 18, 2021. Plaintiff denies the remaining allegations in Paragraph 30 of MTH's Counterclaim In Intervention. Specifically, Plaintiff denies that it had all of the documents requested from MTH in the January 18, 2021, letter, or that MTH was excused from providing the requested documents and information.

31. Plaintiff admits that it received certain, limited documents from counsel for MTH related to the Underlying Lawsuit on April 11, 2024. Plaintiff denies the remaining allegations in Paragraph 31 of MTH's Counterclaim In Intervention.

## V. CAUSES OF ACTION

### A. Declaratory Judgment that MTH is an Additional Insured Under the Primary Policy and Excess Policy

---

[8] Plaintiff admits the allegations in Footnote 8 of MTH's Counterclaim In Intervention solely to the extent that they accurately reflect the reports and opinions of the experts designated by the parties in the Underlying Lawsuit, and the contents of any demand letters sent by plaintiffs in the Underlying Lawsuit. Plaintiff denies the allegations in Footnote 8 of MTH's Counterclaim In Intervention to the extent that they misquote, mischaracterize, or are otherwise inconsistent with the reports and opinions of the experts designated by the parties in the Underlying Lawsuit and any demand letters sent by plaintiffs in the Underlying Lawsuit.

32. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 32 of MTH's Counterclaim In Intervention.

33. The allegations in Paragraph 33 of MTH's Counterclaim In Intervention are legal conclusions, for which no response is required, however, to the extent that a response is required, the allegations are admitted.

34. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 34 of MTH's Counterclaim In Intervention.

**B.  Declaratory Judgment that, in the Alternative, MTH is an Insured Under the Primary Policy And Excess Policy**

35. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 35 of MTH's Counterclaim In Intervention.

36. The allegations in Paragraph 36 of MTH's Counterclaim In Intervention are legal conclusions, for which no response is required, however, to the extent that a response is required, the allegations are admitted.

37. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 37 of MTH's Counterclaim In Intervention.

**C.  Declaratory Judgment Regarding the Erosion of the Primary Policy's Limits**

38. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 38 of MTH's Counterclaim In Intervention.

39. The allegations in Paragraph 39 of MTH's Counterclaim In Intervention are legal conclusions, for which no response is required, however, to the extent that a response is required, the allegations admitted.

40. The allegations in Paragraph 40 of MTH's Counterclaim In Intervention are legal conclusions, for which no response is required, however, to the extent that a response is required,

the allegations admitted.

41. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 41 of MTH's Counterclaim In Intervention.

42. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 42 of MTH's Counterclaim In Intervention.

43. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 43 of MTH's Counterclaim In Intervention.

**D.  Breach of the Primary Policy and Excess Policy**

44. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 44 of MTH's Counterclaim In Intervention.

45. The allegations in Paragraph 45 of MTH's Counterclaim In Intervention are legal conclusions, for which no response is required; however, to the extent that a response is required, Plaintiff admits that the Nautilus Policies are enforceable contracts. Plaintiff denies that MTH is entitled to insurance coverage under those Nautilus Policies.

46. Plaintiff denies the allegations in Paragraph 46 of MTH's Counterclaim In Intervention.

47. Plaintiff denies the allegations in Paragraph 47 of MTH's Counterclaim In Intervention.

48. Plaintiff denies the allegations in Paragraph 48 of MTH's Counterclaim In Intervention.

49. Plaintiff denies the allegations in Paragraph 49 of MTH's Counterclaim In Intervention.

50. Plaintiff denies the allegations in Paragraph 50 of MTH's Counterclaim In

Intervention.

51. Plaintiff denies the allegations in Paragraph 51 of MTH's Counterclaim In Intervention.

52. Plaintiff denies the allegations in Paragraph 52 of MTH's Counterclaim In Intervention.

53. Plaintiff denies the allegations in Paragraph 53 of MTH's Counterclaim In Intervention.

### E. Violations of Chapter 542 of the Texas Insurance Code

54. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 54 of MTH's Counterclaim In Intervention.

55. Plaintiff admits that MTH previously tendered the Underlying Lawsuit to Nautilus and Shelton seeking defense, indemnity, and insurance coverage under the Nautilus Policies. Plaintiff denies the remaining allegations in Paragraph 55 of MTH's Counterclaim In Intervention.

56. Plaintiff denies the allegations in Paragraph 56 of MTH's Counterclaim In Intervention.

57. Plaintiff denies the allegations in Paragraph 57 of MTH's Counterclaim In Intervention.

### F. Violations of Chapter 542 of the Texas Insurance Code

58. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 58 of MTH's Counterclaim In Intervention.

59. The allegations in Paragraph 59 are legal conclusions, for which no response is required, however, to the extent that a response is required, the allegations are denied.

60. Plaintiff denies the allegations in Paragraph 60 of MTH's Counterclaim In Intervention.

61. Plaintiff denies the allegations in Paragraph 61 of MTH's Counterclaim In Intervention.

62. Plaintiff denies the allegations in Paragraph 62 of MTH's Counterclaim In Intervention.

63. Plaintiff denies the allegations in Paragraph 63 of MTH's Counterclaim In Intervention.

64. Plaintiff denies the allegations in Paragraph 64 of MTH's Counterclaim In Intervention.

65. Plaintiff denies the allegations in Paragraph 65 of MTH's Counterclaim In Intervention.

66. Plaintiff denies the allegations in Paragraph 66 of MTH's Counterclaim In Intervention.

67. Plaintiff denies the allegations in Paragraph 67 of MTH's Counterclaim In Intervention.

68. Plaintiff denies the allegations in Paragraph 68 of MTH's Counterclaim In Intervention.

G. Attorneys' Fees

69. No response is required, however, to the extent that a response is required, Plaintiff denies the allegations in Paragraph 69 of MTH's Counterclaim In Intervention.

70. Plaintiff denies the allegations in Paragraph 70 of MTH's Counterclaim In Intervention.

VI. JURY DEMAND

71. No response is required to Paragraph 71 of MTH's Counterclaim In Intervention.

## VII.    PRAYER FOR RELIEF

72. Plaintiff denies that MTH is entitled to any of the relief requested in the Prayer for Relief section (VII) of MTH's Counterclaim In Intervention.

### B.
### AFFIRMATIVE DEFENSES

73. MTH's claims are barred, in whole or in part, by the affirmative defenses set forth below. Plaintiff specifically reserves the right to amend these affirmative defenses.

74. MTH does not qualify as an insured, or an additional insured, under the Nautilus Primary Policy or the Nautilus Excess Policy, and Nautilus has no duty to defend or indemnify MTH for the claims in the Underlying Lawsuit.

75. In the alternative, Plaintiff asserts that in the unlikely event that this Court finds that MTH qualifies as an insured, or an additional insured, under the Nautilus Excess Policy, Plaintiff's maximum liability to MTH is capped by the insurance requirements in the MSA and the language of the Nautilus Excess Policy.

76. In the alternative, Plaintiff asserts that in the unlikely event that this Court finds that MTH qualifies as an insured, or an additional insured, under the Nautilus Policies, MTH's defense costs and expenses incurred in the Underlying Lawsuit reduce the Limits of Insurance under Coverage D of the Nautilus Policies.

77. Plaintiff asserts that MTH has no contractual or legal basis to demand reimbursement of attorney's fees or expenses from Nautilus.

78. In the alternative, Plaintiff asserts that in the unlikely event that this Court finds that MTH qualifies as an insured, or an additional insured, under the Nautilus Policies, MTH's demand for reimbursement of claimed attorney's fees and expenses related to the Underlying Lawsuit is excessive and unreasonable.

79. In the alternative, Plaintiff further asserts that in the unlikely event that this Court finds that MTH qualifies as an insured, or an additional insured, under the Nautilus Policies, Plaintiff is entitled to an offset or credit for any alleged attorney's fees and expenses, incurred by MTH, that were paid, or should have been paid by another party in the Underlying Lawsuit, or by an insurer of MTH or another party.

80. MTH is not entitled to assert claims under Chapter 542 of the Texas Insurance Code because the alleged defense fees and expenses were actually paid by one or more insurance companies on MTH's behalf.

81. MTH is not entitled to assert claims under Chapter 541 of the Texas Insurance Code because those provisions do not apply to third-party claims. Futher, the alleged defense fees and expenses were actually paid by one or more insurance companies on MTH's behalf.

82. MTH has not fulfilled all conditions precedent to recover for claims under Chapters 541 and 542 of the Texas Insurance Code.

    Respectfully submitted,

    **RYMER, ECHOLS, SLAY**
    **& NELSON-ARCHER, P.C.**

    By: _/s/ Nathan M. Rymer_
    Nathan M. Rymer
    SBN 00792814 / FID 18902
    Catherine G. Gross
    SBN 24120870 / FID 3873903
    1502 Augusta Drive, Suite 400
    Houston, Texas 77057
    Telephone: (713) 626-1550
    Facsimile: (713) 626-1558
    nrymer@resnlaw.com
    cgross@resnlaw.com

    **ATTORNEYS FOR PLAINTIFF**
    **NAUTILUS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

  On October 3, 2024, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF filing system on all counsel of record.

                _____
                Nathan M. Rymer