IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,  Plaintiff / Counterclaim Defendant,  v.  MAGELLAN MIDSTREAM PARTNERS, L.P.,  Defendant / Counterclaim Plaintiff. | CASE NO. 4:24-cv-01893 |

## MAGELLAN TERMINALS' INITIAL DISCLOSURES

Intervenor Magellan Terminals Holdings, L.P. ("MTH") makes these initial disclosures under Federal Rule of Civil Procedure 26(a). MTH reserves the right to amend or supplement these disclosures as provided by the Federal Rules of Civil Procedure, other applicable law, agreement of the parties, or order of the Court.

**(A)** **The name, and if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

**RESPONSE:** By making this disclosure, MTH does not waive any objection(s) to the relevance of the testimony of any of the following individuals or any other appropriate objection(s), including, among others, attorney-client, work product, or other applicable privilege or protection. Subject to the foregoing, MTH identifies the following individuals who are likely to have discoverable information that may be used to support MTH's claims and defenses:

1. David Perez – Berkley Environmental's "Senior General Liability Claims Examiner" who authored Nautilus' only response (dated January 18, 2021) to MTH's demands for defense and indemnity in the Underlying Litigation.[1]

---

[1] As used herein, the term "Underlying Litigation" refers to Cause No. 2020CCV-61660-3 in the County Court of Law No. 3 of Nueces County, Texas and specifically includes the claims brought by Linda Ramirez, Ismael Garcia, Andrew

        Mr. Perez is believed to have knowledge of the insurance policies at issue, Nautilus' and Berkley's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Nautilus' and Berkley's responses (if any) to MTH's requests for defense and indemnity, Nautilus' and Berkley's claims handling policies and procedures, Nautilus' and Berkley's reinsurance of MTH's claims for defense and indemnity and/or the applicable policies of insurance, Nautilus' and Berkley's coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, Nautilus' claims and defenses in this action, Nautilus' and Berkley's claims and defenses in actions involving third parties claiming to be (or claiming to represent) additional insureds under Nautilus' and Berkley's insurance policies.  To the extent Mr. Perez is not represented by Nautilus' counsel, Mr. Perez may be contacted at 101 Hudson Street, 25th Floor, Suite 2550, Jersey City, New Jersey, 07302, (201) 748-3103, or DPerez@berkleyenvironmental.com.

2. The corporate representative(s) of Nautilus who is believed to have knowledge of the insurance policies at issue, Nautilus' investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Nautilus' responses (if any) to MTH's requests for defense and indemnity, Nautilus' claims handling policies and procedures, Nautilus' reinsurance of MTH's claims for defense and indemnity and/or the applicable policies of insurance, Nautilus' coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, Nautilus' claims and defenses in this action, Nautilus' claims and defenses in actions involving third parties claiming to be (or claiming to represent) additional insureds under Nautilus' insurance policies, and any other relevant topic(s).  Nautilus' corporate representative(s) is in the care of Nautilus' counsel of record in this action.

3. The corporate representative(s) of Berkley Environmental ("Berkley") who is believed to have knowledge of the insurance policies at issue, Nautilus' and Berkley's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Nautilus' and Berkley's responses (if any) to MTH's requests for defense and indemnity, Nautilus' and Berkley's claims handling policies and procedures, Nautilus' and Berkley's reinsurance of MTH's claims for defense and indemnity and/or the applicable policies of insurance, Nautilus' and Berkley's coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, Nautilus' claims and defenses in this action, Nautilus' and Berkley's claims and defenses in actions involving third parties claiming to be (or claiming to represent) additional insureds under Nautilus' and Berkley's insurance policies, and any other relevant topic(s).

---

Ramirez, Manuel Galvan, Edward Howard, Dana Howard, Daron Robinson, Jesus Juarez Quintero, Jesus Juarez, Jr., Francisca Juarez, Jessica Juarez, and Martha Juarez against MTH.

        Berkley's corporate representative(s) is in the care of Nautilus' counsel of record in this action.

4. Randy Fairless and Kelly Friedman of Johanson & Fairless, LLP who represented Shelton Services, Inc. ("Shelton"), actively participated in the Underlying Litigation, and were copied on David Perez's January 18, 2021 letter to MTH. Mr. Fairless and Ms. Friedman are believed to have knowledge of the insurance policies at issue, Nautilus' and Shelton's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Nautilus' claims handling policies and procedures, Nautilus' reinsurance of MTH's claims for defense and indemnity and/or the applicable policies of insurance, Nautilus' coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, Nautilus' claims and defenses in this action, and Shelton's use and retention of Jean McDowell in the Underlying Litigation. Mr. Fairless and Ms. Friedman may be contacted at 1456 First Colony Blvd., Sugar Land, Texas 77479, (281) 313-5000, or rfairless@jandflaw.com and kfriedman@jandflaw.com.

5. David Coons who is (and was) Shelton's general counsel and was copied on David Perez's January 18, 2021 letter to MTH. Mr. Coons is believed to have knowledge of the insurance policies at issue, the Master Service Agreement between Shelton and Magellan Midstream Partners, L.P. ("MMP" and, together with MTH, "Magellan"), the Request for Services between Shelton and Magellan, Nautilus' and Shelton's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Shelton's responses (if any) to MTH's requests for defense and indemnity, Nautilus' coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, Shelton's settlement with Triton arising out of the Underlying Litigation, Shelton's investigation into the cause of the incident made the basis of the Underlying Litigation, Shelton's communications with OSHA regarding incident made the basis the Underlying Litigation, OSHA's penalties imposed upon Shelton for its role in the incident made the basis of the Underlying Litigation, and Shelton's use and retention of Jean McDowell in the Underlying Litigation. Mr. Coons may be contacted at 2111 Old Atascocita Rd., Crosby, Texas 77532, (281) 324-5100, or dcoons@j2sservices.com.

6. Shelton's corporate representative(s) who is believed to have knowledge of the work that Shelton was performing when the incident made the basis of the Underlying Litigation occurred and the injuries to Shelton's employees, the insurance policies at issue, the Master Service Agreement between Shelton and MMP, the Request for Services between Shelton and Magellan, Nautilus' and Shelton's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Shelton's responses (if any) to MTH's requests for defense and indemnity, Nautilus' coverage of Shelton,

Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, Shelton's investigation into the cause of the incident made the basis of the Underlying Litigation, Shelton's communications with OSHA regarding the incident made the basis the Underlying Litigation, and OSHA's penalties imposed upon Shelton for its role in the incident made the basis of the Underlying Litigation, Nautilus' claims and defenses in this action, Shelton's use and retention of Jean McDowell in the Underlying Litigation, Shelton's settlement with Triton arising out of the Underlying Litigation and any other relevant topic(s). Shelton's corporate representative(s) may be contacted at 2111 Old Atascocita Rd., Crosby, Texas 77532, (281) 324-5100.

7. George Graves who is (and was) a senior claims consultant for USI Insurance Services and was copied on David Perez's January 18, 2021 letter to MTH. Mr. Graves is believed to have knowledge of the insurance policies at issue, Nautilus' and Shelton's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Nautilus' and Shelton's responses (if any) to MTH's requests for defense and indemnity, and Nautilus' coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation. Mr. Graves may be contacted at george.graves@usi.com.

8. The corporate representative(s) of All Risk, Ltd. who is believed to have served as one of Nautilus' insurance broker(s) for the applicable insurance policies. The corporate representative(s) of All Risk, Ltd. is believed to have knowledge of the insurance policies at issue, Nautilus' and Shelton's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Nautilus' coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, and any other relevant topic(s). The corporate representative(s) of All Risk, Ltd. may be contacted at 12700 Park Central Drive, Suite 1250, Dallas, Texas 75251, (855) 257-9419.

9. The corporate representative(s) of Triton who is believed to have knowledge of Nautilus' and Shelton's investigation of Triton's demands for defense and indemnity in the Underlying Litigation, Nautilus' coverage of Triton in the Underlying Litigation, Triton's settlement with Shelton arising out of the Underlying Litigation, and any other relevant topic(s). Triton's corporate representative may be contacted at 5514 Airline Highway, Lottie, Louisiana 70756, (225) 637-3700.

10. Jean L. McDowell of McDowell Owens Engineering, Inc., who was retained by Shelton to investigate the incident made the basis of the Underlying Litigation. Mr. McDowell and his firm, McDowell Owens Engineering, Inc., are believed to have knowledge of Shelton's and Nautilus' investigation of the incident made the basis of the Underlying

4

Litigation, and Nautilus' payment (or non-payment) of his and his firm's time and expenses in the Underlying Litigation. Mr. McDowell may be contacted at 740 E. 13th Street, Houston, Texas 77008, (832) 702-3928.

11. Zack Simmons – Risk Management Analyst for Magellan. Mr. Simmons is believed to have knowledge of MTH's requests to Nautilus and Shelton for defense and indemnity in the Underlying Litigation and the responses (or lack thereof) that MTH received from Nautilus and Shelton. Mr. Simmons may be contacted through Magellan's counsel of record in this action.

12. Magellan's corporate representative(s) who is believed to have knowledge of Magellan's requests to Nautilus and Shelton for defense and indemnity in the Underlying Litigation and the responses (or lack thereof) thereto that Magellan received from Nautilus and Shelton, the allegations made against Magellan in the Underlying Litigation, Magellan's settlement of all claims made against it the Underlying Litigation, Magellan's payment of defense costs in the Underlying Litigation and this action, the damages that Nautilus has caused, and still causes Magellan to suffer, and any other relevant topic(s). Magellan's corporate representative(s) may be contacted through Magellan's counsel of record in this action.

13. Deborah Swift who is believed to be an adjuster at Berkley, who handled or was otherwise involved in Shelton's claim(s) concerning the Underlying Litigation. Ms. Swift is believed to have knowledge of the insurance policies at issue, Nautilus' and Berkley's investigation into MTH's requests for defense and indemnity in the Underlying Litigation, Nautilus' and Berkley's investigation into Shelton's requests for defense and indemnity in the Underlying Litigation, Nautilus' and Berkley's responses (if any) to MTH's requests for defense and indemnity, Nautilus' and Berkley's responses (if any) to Shelton's requests for defense and indemnity, Nautilus' and Berkley's claims handling policies and procedures, Nautilus' and Berkley's reinsurance of MTH's claims for defense and indemnity and/or the applicable policies of insurance, Nautilus' and Berkley's coverage of Shelton, Triton, and/or any other third party in, arising out of, or in any way connected to, the Underlying Litigation, Nautilus' claims and defenses in this action, Nautilus' and Berkley's claims and defenses in actions involving third parties claiming to be (or claiming to represent) additional insureds under Nautilus' and Berkley's insurance policies.

14. All individuals listed in Nautilus' disclosures, fact witness designations, and/or expert witness designations.

15. All individuals listed on any party's Rule 194 disclosures in the Underlying Litigation.

**(B)** **A copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses , unless the use would be solely for impeachment.**

**RESPONSE:** By making this disclosure, MTH does not waive any objection(s) to the relevance of any document or any other appropriate objection(s) including, without limitation, attorney-client, work product, and/or other applicable privilege. Subject to the foregoing, MTH refers generally to all documents produced in this lawsuit, including, without limitation,

- All documents that Magellan provided Nautilus on or about April 11, 2024;
- Master Services Agreement between Shelton and MMP, numbered 19MMLP083 and dated April 30, 2019;
- Request for Services between Magellan and Shelton numbered 19MMLP083-104 and dated November 27, 2020;
- Nautilus Insurance Policy Number ECP2028951-11;
- Nautilus Insurance Policy Number FFX2028953-11;
- Petitions filed by Ismael Garcia, Linda Ramirez, Andrew Ramirez, Manuel Galvan, Ed Howard, and Dana Howard in the Underlying Litigation;
- Petitions filed by Jesus Juarez Quintero, Sr's estate and four adult children in the Underlying Litigation;
- Petitions filed by Daron Robinson in the Underlying Litigation;
- Petitions filed by Triton against Shelton in the Underlying Litigation;
- Settlement demands made on Magellan in the Underlying Litigation;
- All liability / causation expert reports from the Underlying Litigation;
- All deposition transcripts from the Underlying Litigation;
- All documents produced by Shelton in the Underlying Litigation;

6

- All filings (including any exhibits attached to any filing) from Cause No. 4:22-cv-03723, *LM Insurance Corporation v. Nautilus Insurance Company*, In the United States District Court for the Southern District of Texas, Houston Division;

- OSHA case file diary for Shelton Services, Inc;

- All documents produced by any party in the Underlying Litigation.

**(C)     A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**

**RESPONSE:** MTH is still investigating and ascertaining the amount of its damages, which, at this time, continue to accrue on a daily basis as a result of Nautilus' conduct. MTH will not have a complete picture of its damages until and unless Nautilus' conduct ceases. Subject to the foregoing, MTH is entitled to recover, at a minimum, Magellan's defense costs in the Underlying Litigation (which total more than $5 million), the amounts expended to settle all claims made against MTH in the Underlying Litigation, MTH's reasonable and necessary attorneys' fees, costs and expenses incurred in this matter under Chapter 38 of the Texas Civil Practice and Remedies Code and/or Chapters 541 and 542 of the Texas Insurance Code, treble damages under Chapter 541 of the Texas Insurance Code, and pre- and post-judgment interest from the earliest date, and at the highest rate, under Texas law (including 18% interest under Chapter 542 of the Texas Insurance Code).

**(D)     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:** MTH denies that Nautilus is entitled to any monetary relief in this action. For monetary relief that may be awarded to MTH, MTH refers Nautilus to Nautilus policy numbers ECP2028951-11 and FFX2028953-11.

[*Remainder of Page Intentionally Left Blank*]

Respectfully submitted,

**THE NORRIS FIRM PC**

*/s/ Joshua A. Norris*
Joshua A. Norris (T.A.)
Texas Bar No. 24027577
Daniel J. Baldwin
Texas Bar No. 24078184
24 Greenway Plaza, Suite 1800
Houston, TX 77046
Telephone: (713) 588-4536
Facsimile: (713) 277-7072
josh@tnflaw.com
daniel@tnflaw.com

***Attorneys for Magellan Terminals Holdings, L.P.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2024, a true and correct copy of the foregoing was served via electronic mail on all counsel of record as follows:

Nathan M. Rymer
nrymer@resnlaw.com
Catherine G. Gross
cgross@resnlaw.com
Rymer, Echols, Slay & Nelson-Archer, P.C.
1502 Augusta Drive, Suite 400
Houston, Texas 77057
***Attorneys for Nautilus Insurance Company***

*/s/ Joshua A. Norris*
JOSHUA A. NORRIS